## LEEKLEY v. PARKER WASHINGTON CO.

No. 20509. Opinion Filed Jan. 31, 1933.

Harlow A. Leekley, for plaintiff in error.

Charles P. Gotwals. John T. Gibson, William A. Killey, and James D. Gibson, for defendant in error.

BUSBY, J. This action was commenced in the district court of Muskogee county in March of 1927 by the Parker Washington Company, defendant in error herein, against Harlow A. Leekley, plaintiff in error herein, and the defendant in the trial court. For the purpose of convenience we will refer to the respective parties as they appeared in the court below.

The plaintiff's petition alleges the execution and delivery of a promissory note by the defendant, in the sum of $2,332, and that there was an unpaid balance thereon in the sum of $1,332, plus interest and attorneys' fee. Plaintiff further alleges that by oral contract certain tax sales certificates issued by the county treasurer had been pledged as security for the payment of the indebtedness due on the note, and prayed for judgment for the unpaid balance on the note and foreclosure of its alleged lien on the tax sales certificates.

The defendant's answer consists of a general denial and an admission of the execution and delivery of the note and a restatement of the fact that $1,000 had been paid on said note. The defendant further pleads that the note was delivered to the plaintiff upon the express agreement in writing that it was in full payment of the purchase price of the tax sales certificates mentioned in plaintiff's petition, and that the plaintiff had wrongfully failed and refused to deliver the larger portion of the tax sales certificates. The defendant also specially denies that the tax sales certificates were ever pledged to the plaintiff, or that the plaintiff had a lien thereon.

In addition to the denial contained in the answer, the defendant incorporated therein a cross-petition, claiming damages against the plaintiff in the sum of $10,000 for failure to deliver the tax sales certificates in accordance with the alleged written agreement. The plaintiff filed a reply to this answer and cross-petition in the nature of a general denial. The cause was tried in December, 1928, before the Honorable E. A. Summers, trial judge, a jury having been waived by the parties. After hearing the evidence the trial court entered judgment denying the plaintiff any relief on its petition and denying the defendant any relief on his cross-petition.

This appeal was taken by the defendant from the judgment of the court denying damages on his cross-petition and no cross-appeal has been filed or perfected by the plaintiff.

The evidence introduced at the hearing discloses, in substance, the following state of facts: That in the year 1926, the defendant, Harlow A. Leekley, was the owner of interests in various pieces of property in the vicinity of his residence in the city of Muskogee. That others, relatives and business associates, were interested with him in the ownership of these properties; that at the time of the transaction concerned in this case, and immediately prior thereto, the plaintiff was the owner of certain tax sales certificates involved in this action and issued in connection with properties in which the defendant had an interest. After some preliminary correspondence and negotiations, the plaintiff company, which was located at St. Louis, Mo., sent a telegram to the defendant on May 3, 1926, reading as follows:

"Harlow Leekley,

"Attorney at Law,
"Muskogee, Okla.

"If you mail it at once we will accept your 60-day note for $2,332, in full payment of all certificates on old list. We waiving all accrued interest.

"The Parker Washington Co."

And on the same day the defendant answered by letter inclosing a 60-day promissory note, which letter reads as follows:

"The Parker-Washington Company,

"6161 Maple Avenue,
"Saint Louis, Mo.
"Attention Mr. A. Roess.

"Gentlemen: Replying to your Western Union day letter of today I am sending you 60-day note for $2,332 in full payment of all certificates on old list of property in which I am interested.

"Please have the certificates properly assigned to A. N. Frost and forward same to me here.

"Yours very truly,
"Harlow A. Leekley."

These three instruments, the telegram, the letter and note, constituted a written contract between the parties to this litigation.

The record discloses that neither of the parties complied with the contract. Instead of sending the tax sales certificates for which the note was given to the defendant, the plaintiff forwarded the note, together with the certificates, to the First National Bank of Muskogee, with instructions to hold them until maturity of the note, and then on payment of the note surrender them to

the defendant, and when the note fell due the defendant failed to pay the note. According to the defendant's testimony, no objection was made to this method of compliance with the contract on the part of the plaintiff until about three months after the note had come due, when defendant visited the plaintiff's place of business in St. Louis and talked to the secretary, Mr. A. Roess. Defendant says that he then "suggested" that the certificates should have been delivered at the time of the delivery of the note. At the time of this conversation, the defendant, Leekley, gave to the plaintiff his check for the sum of $1,000, which check was in the usual course of business cleared through the bank. The plaintiff then instructed the First National Bank at Muskogee to deliver to the defendant the corresponding amount of certificates, which was done as soon as the defendant returned to Muskogee. The certificates were valued for the purpose of sale on the basis of their face amount, less penalties and the amount delivered, totaling $1,006. Thereafter, and during January and February of the succeeding year, some correspondence was had between the respective parties to this litigation, in which the defendant requested additional time to raise the money to pay his note, and in which the plaintiff insisted upon the payment of the note, after which, in March, this action was commenced.

In support of his cross-petition for damages, and with respect to the value of the certificates which the plaintiff had failed to deliver, the defendant testified in his own behalf, in substance: That the property in connection with which the tax sales certificates were issued was worth the full amount of the taxes due and assessed against it, but he did not testify with any degree of accuracy the exact amount of the taxes that were due against each piece of property concerned. The plaintiff in answer to this testimony produced evidence of value, in substance, to the effect that the amount of taxes due against the property amounted to approximately $35 per front foot, and that the actual value of the property ranged from $18 to $22 per front foot. The testimony shows that these particular certificates concerned in this action were for unpaid delinquent special assessments for paving, and shows they were not the only delinquent unpaid assessments against the property. It fails to disclose, however, the exact proportionate amount which these particular certificates constituted, and fails to disclose exactly just what the other unpaid delinquent assessments consisted of, or what years such other unpaid delinquent assessments were for. There is some testimony in the record that a portion of the other delinquent assessments was at the time of the trial of this case in litigation, but the evidence does not disclose the exact nature of that litigation, except that it was a contest over the validity of such assessments. Viewed as a whole, the testimony with reference to the value of the property and the relative effect of the same upon the value of the tax sales certificates is rather unsatisfactory on both sides of the case. The certificates were all issued by the county treasurer to one David McCormick, and the blank assignments of these tax sales certificates were in no instance acknowledged, each of such blank assignments bearing a rubber stamp signature of David McCormick, and some of them in addition to the rubber stamped signature contained the written words, "by John T. Lakin, attorney in fact." In this connection, the record discloses that no objection was made to the form of this assignment at the time the $1,000 worth of certificates were delivered by the plaintiff and received by the defendant, and no demand was ever made by the defendant on the plaintiff for a more adequate or proper assignment, nor was any issue raised or presented to the trial court by the pleadings concerning the sufficiency of this assignment. Although the manner of assignment is challenged by the brief of the defendant, it is our opinion that no question is presented to this court for decision in connection with the sufficiency of this assignment, it being fundamental in this jurisdiction that, in order for an issue to be presented to this court, it must first be within the scope of the issues presented to the trial court.

The defendant in presenting his claims to this court has grouped assignments of error into one contention, namely: That the defendant in error, not having delivered properly indorsed and valid certificates upon receipt of the plaintiff in error's note, had receded from the terms of the contract, and the measure of damages is the amount of the face of the twelve sales certificates, plus interest or penalty at the rate of eighteen (18) per centum per annum from the date of each of the certificates.

In answer to this contention, the plaintiff urges that the judgment of the trial court should be sustained for the reason, among others urged, that there was a disputed question of fact as to the value of the certificates which the plaintiff failed to deliver, and that this being a trial to the court, a jury having been waived, the finding is reasonably supported by the evidence, and therefore conclusive upon this court.

In order to determine this question, it is necessary that we first determine what the measure of damages is for failure to deliver personal property. The statutory provision covering same is section 9971, O. S. 1931, which reads as follows:

"The detriment caused by the breach of a seller's agreement to deliver personal property, the price of which has not been fully paid in advance, is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled."

This statute is the re-enactment of the general law on this subject as stated in 55 C. J. 1170, wherein. in the following language, appears:

"Price partly paid. Upon the failure of the seller to deliver property, the price of which has not been fully paid in advance, the buyer may recover the excess of the value of the property to him over the amount due to the seller if the contract had been fulfilled."

The defendant in this case takes the position that the delivery of his note to the seller, even though the note is past due and unpaid and still in the hands of the payee, constitutes full payment of the purchase price, and thereby seeks to avoid giving the plaintiff any credit for the amount due on the note for the unpaid portion on the purchase price.

In our opinion this position is untenable, and the adoption of such a doctrine would work a manifest injustice, and would override the plain and unambiguous rule in the statute quoted above. So long as the note remains in the hands of the original payee, the right of innocent parties not having intervened, it was an integral part of the entire contract between the parties to this lawsuit, and must be construed in connection with the telegram and letter heretofore referred to for the purpose of determining the true intent of the parties. The rule supporting this view is well stated in 8 C. J. 196, par. 327, in the following language:

"It is elementary that, when separate writings are executed between the same parties at the same time, in the course and as parts of the same transaction, and intended to accomplish the same general object, they are to be construed as one and the same instrument. In accordance with this principle, notes and contemporaneous written agreements executed as part of the same transaction will be construed together as forming one contract in a controversy between the original parties to the instrument or persons standing in their situation or chargeable with notice of the contemporary instruments."

To permit the defendant's contention to stand with reference to the unpaid balance on this note, would also violate the provision of section 10000. O. S. 1931, which reads as follows:

"Notwithstanding the provisions of this chapter, no person can recover a greater amount in damages for breach of an obligation, than he could have gained by the full performance thereof on both sides, except in cases where recovery may be for exemplary damages and penal damages, and in sections 2871 and 2878 (9982-9989)."

It is, therefore, our conclusion from the foregoing authorities that the unpaid balance on the note held by the plaintiff consituted a proper deduction in determining the damages, if any, for the failure to deliver the tax sales certificates to the defendant.

It follows, then. as a matter of logical sequence, that if the value of the certificates which the plaintiff failed or refused to deliver did not exceed the unpaid balance on the note, the defendant was not entitled to recover anything on his cross-petition, or if the evidence introduced at the trial reasonably tended to support this view, it is not within the province of this court to disturb the judgment of the trial court. There is no evidence whatever in the record tending to establish the market value of these certificates. The defendant contends in his brief that their value should be determined by the face of the certificates. This is a reasonable position in the absence of evidence as to the value of the property. However, there is evidence in the record to the effect that the value of the property is very little more than half the amount of the outstanding delinquent assessments against the same. Certainly. the value of the property upon which the certificates were issued would in the most favorable light be the value of the certificates, and if. as appears in this case, there are other unpaid assessments besides those represented by the certificates concerned in this action, it is equally apparent that there might exist circumstances that would render the certificates practically valueless. To illustrate: Suppose that A. is the owner of a certificate issued in 1914 for an assessment in the sum of $50 on a lot owned by him of the present value of $100. Suppose, in addition to this unpaid assessment represented by this certificate, other assessments have matured against said property, which had not been paid in the sum of $125. A., as the owner of the property, must pay $125 in cash to protect a $100 piece of property, notwithstanding the fact that he already owns the tax certificate issued in 1914. His

certificate is practically valueless. It is apparent that when a person holds certificates representing all the delinquent assessments against property, the value of the certificates is limited both by the face amount of the certificates and by the value of the property, and it is likewise apparent that when, as in this case, the certificates held represent only a portion of the unpaid delinquent assessments against the property, the value of which is less than the total amount of delinquent taxes or assessments, the value of such certificates, if any, is extremely doubtful, and depends upon the exact and different facts in connection with each piece of property.

It is, therefore, apparent that there is ample evidence in the record to support the view that the value of the certificates did not exceed the unpaid balance due on the note, and that the judgment of the trial court should be in all respects affirmed.

There are other legal reasons advanced by the plaintiff, defendant in error, justifying the judgment of the trial court, but owing to the view that we take upon the matter of the measure of damages, we deem their consideration unnecessary. Judgment affirmed.

RILEY. C. J., CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL, J., absent.